# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | | |
|---|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, itself, and as assignee of BROWN-FORMAN CORPORATION | ) ) ) | Case No. 4:22-cv-29 |
| *Plaintiff*, | ) ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Susan K. Lee |
| SCOTT, MURPHY & DANIEL, LLC, | ) ) ) | |
| *Defendant/Third-Party Plaintiff,* | ) ) | |
| MESSER INDUSTRIAL BUILDERS LLC, MCMAHAN CONSTRUCTION, INC., and UNITED STRUCTURES OF AMERICA, INC., | ) ) ) ) ) | |
| *Third-Party Defendants* | ) ) | |

| | | |
|---|---|---|
| MESSER INDUSTRIAL BUILDERS, LLC, | ) ) ) | Case No. 4:22-cv-30 |
| *Plaintiff/Counter-Defendant*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Susan K. Lee |
| SCOTT, MURPHY & DANIEL, LLC, | ) ) ) | |
| *Defendant/Counter-Plaintiff/Third-Party Plaintiff* | ) ) ) | |
| v. | ) ) | |
| MCMAHAN CONSTRUCTION, INC., and UNITED STRUCTURES OF AMERICA, INC., | ) ) ) ) | |
| *Third-Party Defendants* | ) ) | |

# MEMORANDUM OPINION

Before the Court is Third-Party Defendant United Structures of America, Inc.'s ("USA") motion to dismiss Defendant/Counter-Plaintiff/Third-Party Plaintiff Scott, Murphy & Daniel, LLC's ("SMD") third-party complaint against it. (Doc. 38.)[1] For the following reasons, the Court will **GRANT** the motion (*id.*).

## I. BACKGROUND[2]

### A. Initial Complaint

In 2016, Brown-Forman Corporation ("Brown-Forman") contracted with Plaintiff/Counter-Defendant Messer Industrial Builders, LLC ("Messer") to provide general contracting services on a project to improve its facilities in Lynchburg, Tennessee. (Doc. 1, at 2.) Messer subcontracted with SMD to provide "all labor, materials, equipment and supervision." (*Id.*) The project reached substantial completion "on or around November 2018." (*Id.* at 3.)

At some point after work ended, leaks formed inside the prefabricated warehouse roof. (*Id.*) Messer and Brown-Forman executed a settlement agreement regarding the project on April 5, 2022. (*Id.* at 4.) As part of the settlement, Brown-Forman assigned its rights against the responsible parties to Messer and Messer's insurance company, Plaintiff Zurich American Insurance Company ("Zurich"). Pursuant to its subcontract with Messer, SMD is responsible for non-conforming work. (*Id.*)

---

[1] Because the Court consolidated this matter (Docs. 18, 22), it cites docket numbers from Case No. 4:22-cv-29 unless otherwise noted.

[2] The Court described the facts underlying this dispute in its January 3, 2024 memorandum opinion. (*See* Doc. 47, at 2–4.) Section I.A is unchanged from that opinion.

Zurich filed its action against SMD on August 22, 2022 (Doc. 1), and Messer filed its action against SMD on August 24, 2022 (Doc. 1 in Case No. 4:22-cv-30). Both allege claims against SMD for: (1) breach of contract and (2) breach of warranty. (Doc. 1, at 5–7; Doc. 1 in Case No. 4:22-cv-30, at 5–7.) Zurich also alleges a demand-for-contribution claim against SMD under Tennessee Code Annotated § 29-11-102. (Doc. 1, at 7.) The Court consolidated these cases for both discovery (Doc. 18), as well as for dispositive motions and trial (Doc. 22).

### B. USA's Bankruptcy Proceeding[3]

On January 11, 2022, USA filed a voluntary petition for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas. Chapter 11 Subchapter V Voluntary Petition, *In Re United Structures of Am., Inc. & Green Head LLC* (hereinafter "*USA Bankruptcy Proceeding*"), No. 22-30104, (S.D. Tex. Jan. 11, 2022), Doc. 1. The bankruptcy court discharged USA's debt on October 26, 2022, ordering:

> Except as otherwise expressly provided in the Plan or in this Confirmation Order, (a) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1141(d); and (b) holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a).

Order Confirming Chapter 11 Plan, *USA Bankruptcy Proceeding*, Doc. 96, at 9. This order was served on USA's creditors—including SMD—on October 28, 2022. Order Confirming First Amended Subchapter V Plan of Liquidation, *USA Bankruptcy Proceeding*, Doc. 98, at 11. On

---

[3] While USA's bankruptcy proceeding is not detailed in SMD's third-party complaint (*see generally* Doc. 27), the Court may consider matters outside of the pleadings in conjunction with a motion to dismiss without converting it into a motion for summary judgment if the outside materials are "integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005) (citations omitted). Here, USA's bankruptcy proceeding is public record, and, therefore, the Court takes judicial notice of the proceeding.

March 24, 2023, SMD moved the bankruptcy court for relief from the automatic stay[4], Amended Motion for Relief from Stay, *USA Bankruptcy Proceeding*, Doc. 130, which the bankruptcy court granted on April 14, 2023. Order Granting Amended Motion for Relief from Stay, *USA Bankruptcy Proceeding*, Doc. 133.

C. **Procedural History**

On April 24, 2023, SMD moved this Court to file an amended answer asserting a counterclaim and third-party claims. (Doc. 23.) This Court granted that motion (Doc. 25), and, on May 23, 2023, SMD filed amended answers asserting a counterclaim and third-party claims in both actions. (Doc. 27; Doc. 25 in Case No. 4:22-cv-30.) In its amended answers, SMD asserted a counterclaim against Messer for indemnity and contribution. (Doc. 27, at 4.) It also filed a third-party complaint, asserting a claim against Third-Party Defendant McMahan Construction, Inc. ("McMahan") for indemnity and contribution and a claim against USA for breach of contract and indemnity. (*Id.* at 4–6.) SMD alleged the following in support of its counterclaim and third-party complaint:

- On or around November 15, 2016, Messer contracted with Brown-Forman to design, engineer, and provide general contracting services for the process, bottling and facilities expansion and site modification to the Tract II site in Lynchburg, Tennessee ("Project").
- On or around July 7, 2016, SMD contracted with USA, Inc. for the procurement of the pre-engineered metal building and materials to be erected and installed pursuant to Project plans.
- Messer contracted with McMahan to complete the erection and installation of the pre-engineered metal building and materials. Upon information and belief, Messer and McMahan executed an agreement setting forth the terms of the relationship and scope of work.
- Beginning in 2019, Brown-Forman started reporting leaks from the roof of the Project.

---

[4] The automatic stay, which is further discussed in Section III, is a mechanism contained in 11 U.S.C. § 362 that stops all proceedings against a debtor during the pendency of its bankruptcy.

- Pursuant to its contract [with] Brown-Forman, Messer had the obligation to design and complete work on the project consistent with approved submittals to Brown-Forman.

- Either th[r]ough its poor design or lack of good professional practices and workmanlike efforts, Messer provided Brown-Forman with a completed Project that leaked.

- McMahan's work on the Project also failed to comply with professional practices, standards and workmanlike efforts, which resulted in the Project having leaks.

- Alternatively, USA, Inc. manufactured a pre-engineered metal building and components that failed to comply with the requirement and specifications set forth in the Project plans.

(*Id.* at 3–4.)

On November 3, 2023, McMahan filed a motion to dismiss SMD's third-party complaint against it, arguing that the statute of repose provided in Tennessee Code Annotated § 28-3-202 barred SMD's third-party complaint. (Doc. 36, at 4.) On November 14, 2023, USA filed a motion to dismiss SMD's third-party complaint against it, arguing that the same statute of repose barred SMD's third-party complaint and that SMD did not properly serve USA. (Doc. 38, at 6–11.)

On January 3, 2024, the Court granted McMahan's motion to dismiss, finding that the statute of repose provided in Tennessee Code Annotated § 28-3-202 barred SMD's third-party complaint against it. (Doc. 47, at 13–14.) Although, the Court found that SMD had not properly served USA, the Court denied USA's motion to dismiss on this ground and, instead, extended the service deadline for good cause. (*Id.* at 9.) The opinion also stated that, because USA had not yet been properly served, the Court lacked jurisdiction to dismiss USA from the case, even though it noted that the statute of repose provided in Tennessee Code Annotated § 28-3-202 likely also barred SMD's third-party complaint against USA. (*Id.* at 9 n.2, 14.) Therefore, the Court denied USA's motion to dismiss and ordered that, should SMD properly effectuate

service, SMD shall file briefing stating why its third-party complaint against USA is not also barred by the statute of repose provided in Tennessee Code Annotated § 28-3-202. (*Id.* at 14.) USA waived service on February 14, 2024 (Doc. 51), and SMD filed its supplemental briefing on March 1, 2024. (Doc. 52.) USA's motion to dismiss is ripe for the Court's review.

## II. STANDARD OF REVIEW

According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct." *Id*. at 679. For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief.

*Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. ANALYSIS

As discussed in the Court's January 3, 2024 memorandum opinion, Tennessee Code Annotated § 28-3-202 creates a four-year statute of repose, and substantial completion of the project underlying this dispute occurred "on or around November 2018." (Doc. 1, at 3; Doc. 47, at 9.) SMD filed its third-party complaint on May 23, 2023. (Doc. 27.) Therefore, unless the statute of repose provided in Tennessee Code Annotated § 28-3-202 was tolled, SMD's third-party complaint against USA is barred.[5]

SMD argues that USA's bankruptcy tolled the statute of repose contained in Tennessee Code Annotated § 28-3-202. (Doc. 52, at 2.) Under 11 U.S.C. § 362(a)(1), a bankruptcy petition automatically stays:

> the commencement or continuation . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the

---

[5] In opposing McMahan and USA's motions to dismiss, SMD argued that Tennessee Code Annotated § 28-1-114(a) creates an exception to the statute of repose contained in Tennessee Code Annotated § 28-3-202. (Doc. 41, at 2; Doc. 44, at 7.) The Court rejected that argument in its January 3, 2024 memorandum opinion. (Doc. 47, at 10–14.) In doing so, the Court noted that, while Tennessee Code Annotated § 28-1-114(a)'s language provides that it applies to "the applicable statute of limitations or any statutory limitation of time," the Tennessee Supreme Court has stated that, "'for another part of the code' to create an exception to a statute of repose[,] it must 'specifically referenc[e] the particular statute of repose.'" (*Id.* at 12 (quoting *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 516 (Tenn. 2005).) Tennessee Code

7
Case 4:22-cv-00029-TRM-SKL   Document 56   Filed 03/26/24   Page 7 of 12   PageID #: 474

case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

This automatic stay lasts until the earliest of: (1) "the time the case is closed"; (2) "the time the case is dismissed"; or (3) "if the case is a case . . . under chapter . . . 11 . . . the time a discharge is granted or denied." And, under 11 U.S.C. § 108(c):

> [I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim

---

Annotated § 28-1-114(a) does not specifically reference the statute of repose contained in Tennessee Code Annotated § 28-3-202. Therefore, the Court concluded that Tennessee Code Annotated § 28-1-114(a) did not except the statute of repose contained in Tennessee Code Annotated § 28-3-202. (Doc. 47, at 13–14.)

SMD filed a notice of supplemental authority in which it attached a Tennessee Court of Appeals case decided on March 6, 2024, where the court held that Tennessee Code Annotated § 28-1-114(a) created an exception to the statute of repose contained in Tennessee Code Annotated § 28-3-202. *See Fountains Germantown Holdings, LLC v. Doster Constr. Co., Inc.*, No. 20-0482-III(I) (Tenn. Ct. App. Mar. 6, 2024); (Docs. 55; 55-1.) That court, however, did not apply the test outlines in *Calaway*; rather, it differentiated *Calaway* by reasoning that the statute of repose provided in Tennessee Code Annotated § 28-3-202 "does not contain the same absolute bar language" as the medical-malpractice statute of repose at issue in *Calaway*, and it also noted that *Calaway* did not address the interplay of Tennessee Code Annotated § 28-1-114(a) with a statute of repose. (Doc. 55-1, at 8–9.) It further reasoned that "[a] plain reading of [Tennesssee Code Annotated] leads to the conclusion that it applies 'to any statutory limitation of time, however characterized,'" which includes a statute of repose. (*Id.* at 9.)

This Court is unpersuaded by this non-binding authority. First, while *Calaway* did not address the interplay of Tennessee Code Annotated § 28-1-114(a) and a statute of repose, it created specific circumstances in which the legislature can except a statute of repose. The language contained in the medical-malpractice statute of repose in *Calaway*, which provides that "in no event" shall an action be brought after the statute-of-repose period, differs little, if any, from the statute of repose contained in Tennessee Code Annotated § 28-3-202, which provides that an action "must" be brought within the statute-of-repose period. 193 S.W.3d at 516. This minimal difference is not enough to abandon the test provided in *Calaway*. Second, while the language contained in Tennessee Code Annotated § 28-1-114(a) could be read to intend to reach a statute of repose, as this court noted in its January 3, 2024 opinion, this is not the path established by the Tennessee Supreme Court. (Doc. 47, at 12.) Nor is the test articulated in *Calaway* divorced from the plain-reading standard of textual interpretation, as *Calaway* applied this same standard. *See* 193 S.W.3d at 518 ("[O]ur analysis relies on the plain meaning of the terms employed by the General Assembly to compose the statute.").

Accordingly, this recently decided non-binding authority does not alter the Court's analysis from its January 3, 2024 memorandum opinion.

> against the debtor . . . and such period has not expired before the date of the filing of the petition, then such a period does not expire until the later of
>
> > (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> >
> > (2) 30 days after notice of the termination or expiration of the stay under section 362 . . . of this title, as the case may be, with respect to such claim.

Applied to the present case, in sum, 11 U.S.C. § 108(c) provides that the period by which SMD must file any action is tolled until the later of: (1) the end of the statute of repose contained in Tennessee Code Annotated § 28-3-202, including any period of suspension; or (2) thirty days after notice of the termination or expiration of the end of the automatic stay. *See* 11 U.S.C. § 108(c). Here, under either subsection, the statute-of-repose period provided in Tennessee Code Annotated § 28-3-202 expired in November 2022. This renders SMD's third-party complaint—which was not filed until May 23, 2023—untimely.

### A. Under 11 U.S.C. § 108(c)(1), the Statute-of-Repose Period Contained in Tennessee Code Annotated § 28-3-202 Expired in November 2022

Because the later date governs, the Court must first establish when the statute-of-repose period expired under 11 U.S.C. § 108(c)(1). This subsection provides that an action must be brought by the end of a statute-of-repose period, "including any suspension of such period occurring on or after the commencement of the case." 11 U.S.C. § 108(c)(1). The Tennessee Supreme Court has held that 11 U.S.C. § 108(c) does not, in and of itself, suspend the running of a statute of limitation or a statute of repose, because "[t]he reference in Section 108(c)(1) to 'suspension' is not to the operation of bankruptcy law but to other federal or state statutes that expressly provide for the suspension of deadlines." *Weaver v. Hamrick*, 907 S.W.2d 385, 391 (Tenn. 1995). Therefore, some independent federal or Tennessee statute must provide the basis for tolling the statute of repose provided in Tennessee Code Annotated § 28-3-202 during a bankruptcy proceeding. *See id.* SMD argues that Tennessee Code Annotated § 28-1-109, a

statute providing that "[w]hen the commencement of an action is stayed by injunction, the time of the continuance of the injunction is not to be counted," does so. Tennessee courts have held that Tennessee Code Annotated § 28-1-109 tolls a statute of limitation during a bankruptcy proceeding. *McCullough v. Vaughn*, 538 S.W.3d 501, 506 (Tenn. Ct. App. 2017). However, no Tennessee court has applied Tennessee Code Annotated § 28-1-109 to a statute of repose. Therefore, to answer whether the statute of repose in Tennessee Code Annotated § 28-3-202 was tolled during USA's bankruptcy, the Court "essentially must attempt to place itself in the shoes of the Tennessee Supreme Court by 'predicting how that court would rule.'" *Williams v. BMW of N. Am., LLC*, 514 F. Supp. 3d 1036. 1044 (E.D. Tenn. 2021) (quoting *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 608 (6th Cir. 2012) (alterations omitted).

This Court finds that the Tennessee Supreme Court would hold that Tennessee Code Annotated § 28-1-109 does not toll a statute of repose during a bankruptcy. This conclusion is supported by important differences between a statute of repose and a statute of limitation. Unlike a statute of limitation, a statute of repose "generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control." *CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014) (citations omitted). Tennessee law has also noted this "absolute and unyielding nature" of a statute of repose, *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 516 (Tenn. 2005), and that a statute of repose can only be tolled in "exceedingly limited circumstances." *Mills v. Wong*, 155 S.W.3d 916, 920 (Tenn. 2005).

Consistent with this "absolute and unyielding nature," as discussed in the Court's January 3, 2024 memorandum opinion, the Tennessee Supreme Court has provided only two ways the legislature can express its clear intent to toll a statute of repose: (1) in the language of the statute that contains the statute of repose itself; or (2) in another part of the code specifically referencing

the particular statute of repose. (Doc. 47, at 11–12 (citing *Calaway ex rel. Calaway*, 193 S.W.3d at 516).) Tennessee Code Annotated § 28-3-202 does not contain an exception for bankruptcy proceedings, and Tennessee Code Annotated § 28-1-109 does not mention the specific statute of repose contained in Tennessee Code Annotated § 28-3-202. Therefore, neither circumstance is met, and Tennessee Code Annotated § 28-1-109 does not toll the statute of repose located in Tennessee Code Annotated § 28-3-202. Because no tolling occurred, under 11 U.S.C.§ 108(c)(1) the statute-of-repose period expired in November 2022—the same date on which the statute-of repose period ended.

### B. Under 11 U.S.C. § 108(c)(2), the Statute-of-Repose Period Contained in Tennessee Code Annotated § 28-3-202 Also Expired in November 2022

Under 11 U.S.C. § 108(c)(2), a period to bring a claim lasts for thirty days following notice of the termination of the automatic stay. Determining when thirty days elapsed following notice of the end of the automatic stay necessarily requires determining when the automatic stay ended. USA's bankruptcy proceeding commenced on January 11, 2022, meaning the automatic stay began on this date. The automatic stay lasted until the earliest of: (1) the time the bankruptcy case closed; (2) the time the bankruptcy case was dismissed; or (3) because USA's bankruptcy case was a Chapter 11 proceeding, when the discharged is granted or denied. 11 U.S.C. § 362(a)(1). The automatic stay ended on October 26, 2022, when the bankruptcy court discharged USA through the order confirming the Chapter 11 Plan. Order Confirming Chapter 11 Plan, *USA Bankruptcy Proceeding*, Doc. 96, at 9 ("Except as otherwise expressly provided in the Plan or in this Confirmation Order, (a) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1141(d); and (b) holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a)."). SMD was sent notice of USA's discharge—the event that ended the

automatic stay—on October 28, 2022.  Order Confirming First Amended Subchapter V Plan of Liquidation, *USA Bankruptcy Proceeding*, Doc. 98, at 11.  Therefore, the applicable period to bring a claim ended thirty days after this notice:  November 27, 2022.

Under 11 U.S.C. § 108(c), the latest date SMD could timely bring a claim was November 2022.  SMD did not file its third-party complaint until May 23, 2023.[6]  (Doc. 27.)  Therefore, SMD's third-party complaint against USA is barred by the statute of repose contained in Tennessee Code Annotated § 28-3-202.

## IV. CONCLUSION

For the above-stated reasons, the Court **GRANTS** USA's motion to dismiss SMD's third-party complaint against it (Doc. 38).  Because no claims remain against USA, it is **DISMISSED** from this matter.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[6] The Court need not address SMD's argument that its April 24, 2023 motion to file an amended answer asserting third-party claims against McMahan and USA tolled the statute of repose (Doc. 52, at 7), because even if it did, SMD filed that motion after the statute-of-repose period contained in Tennessee Code Annotated § 28-3-202 expired the prior November.